**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| BRIAN K. KING, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:05-CV-279-TLS |
| JAMES HERMAN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Brian King, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging violation of the Eighth Amendment's prohibition against cruel and unusual punishment while he was confined a the Allen County Jail. Mr. King alleges that the Allen County Jail was overcrowded and that Sheriff Herman placed him in a two man cell with two other inmates, required him to sleep on the floor without a mat, and afforded him no recreation.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule

> 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. King brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979).

Mr. King names Allen County Sheriff James Herman and the Allen County Jail as defendants. Section 1983 imposes liability on any "person" who violates an individual's federally "under color of state law" But a jail "is not a 'person'—it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F.Supp. 757, 758 (N.D. Ill. 1993).

Mr. King alleges that conditions at the Allen County Jail violated his Eighth Amendment rights. According to the complaint, Mr. King was at the jail as a pre-trial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n.16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishment clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Mr. King alleges that Sheriff Herman placed him in a two man cell with two other inmates. Double or triple celling may, but does not always, violate the Constitution's prohibition of cruel and unusual punishment. Whether double or triple celling violates a state prisoner's federally protected rights depends on length of time the condition continues, the size of the cell, and the amount of time per day the prisoners spend in the cell. *Rhodes v. Chapman,* 452 U.S. 337 (1981). Mr. King's allegation of triple celling is sufficient to meet the Federal Rules of Civil Procedure's notice pleading requirement.

Mr. King alleges that he had to sleep on the floor because his cell was overcrowded. Sleeping on the floor does not deprive a prisoner of the minimal civilized measure of life's necessities so long as jail officials provide a mat or mattress. *See Castillo v. Bowles*, 687 F.Supp. 277, 281 (N.D. Tex. 1988). Because Mr. King specifically alleges that jail officials did not provide him a mat, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say no relief could be granted under any set of facts that could be proved consistent with his claim.

Mr. King also alleges that he had no recreation opportunities. The Constitution requires that "some opportunity for exercise must be afforded to prisoners." *Anderson v. Coughlin*, 757 F.2d 33, 34 (2d Cir. 1985). "Where movement is denied and muscles are allowed to atrophy, the health of the individual is threatened, and the state's constitutional obligation is compromised." *Stewart v. McGinnis*, 800 F.Supp. 604, 615 (N.D. Ill. 1992), *aff'd.*, 5 F.3d 1031 (7th Cir. 1993); *cert. denied*, 510 U.S. 1121 (1994).

> Although we have recognized the value of exercise and its medicinal effects, we have also consistently held that short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70 day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir. 1986) (limited recreational activities sufficient where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next 6 months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th

Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989) (reversing summary judgment for prison officials where segregated prisoner denied exercise for 101 days).

*Delaney v. DeTella*, 256 F.3d at 683-684. 256 F.3d 679, 683 (7th Cir. 2001).

Mr. King does not state how long he was housed at the jail without recreation or the amount of time he spent each day in his cell, nor does he specifically allege actual injury from denial of recreation. Nevertheless, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his denial of recreation claim.

Finally, Mr. King seeks both damages and injunctive relief regarding the operation of the jail. But he has been convicted and transferred from the jail to an Indiana Department of Correction facility. If a prisoner is transferred to another facility, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)).

For the foregoing reasons, the court:

(1) GRANTS the Plaintiff leave to proceed against Defendant James Herman for damages on his Fourteenth Amendment conditions of confinement claims;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES the Allen County Jail and DISMISSES the Plaintiff's injunctive relief claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS Defendant Herman to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on Defendant James Herman on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED on November 9, 2005

      /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT